TIFFANY & BOSCO
P.A.
2525 EAST CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-02843

**IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.**

The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.

**Dated: March 25, 2010**



_____
**RANDOLPH J. HAINES**
U.S. Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 0:10-BK-01926-RJH |
| Dennis Barry Miller and Kristi Lea Miller<br>Debtors. | Chapter 7 |
| Wells Fargo Bank, N.A.<br>Movant,<br>vs. | ORDER<br>(Related to Docket #12) |
| Dennis Barry Miller and Kristi Lea Miller, Debtors, William E. Pierce, Trustee.<br>Respondents. | |

Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any, and no objection having been received, and good cause appearing therefor,

IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated February 29, 2000 and recorded in the office of the Mohave County Recorder wherein Wells Fargo Bank, N.A. is the current beneficiary and Dennis Barry Miller and Kristi Lea Miller have an interest in, further described as:

> LOT 19, BLOCK 55, NEW KINGMAN ADDITION UNIT NO. 6, ACCORDING TO THEPLAT RECORDED MAY 13,1964 AT FEE NO. 13461, RECORDS OF MOHAVE COUNTY, ARIZONA.
> EXCEPT ALL MINERAL RIGHTS, AS RESERVED IN DEED RECORDED IN BOOK 143 OF DEEDS, PAGE 227, RECORDS OF MOHAVE COUNTY, ARIZONA.

IT IS FURTHER ORDERED that Movant may contact the Debtor(s) by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.